Peter C. Langenus, Esq.
M. Christine Carty, Esq.
SCHNADER HARRISON SEGAL & LEWIS, LLP
140 Broadway, Suite 3100
New York, New York 10005
Telephone: (212) 973-8000
Facsimile: (212) 972-8798
E-mail: plangenus@schnader.com
ccarty@schnader.com
*Attorneys for Plaintiff MJX Asset Management LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/15/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MJX ASSET MANAGEMENT LLC,

                     Plaintiff,

  -against-

MJX Ventures, Inc. and
MJX Ventures LLC,

                     Defendants.
-------------------------------------------------------------X

Civil Action No. 1:14cv07054 JGK

### STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff MJX Asset Management LLC ("MJX" or "Plaintiff"), commenced this action on August 28, 2014 against defendants MJX Ventures, Inc. and MJX Ventures LLC ("MJX Ventures" or "Defendants") (MJX and MJX Ventures will be referred to herein as the "Parties");

Plaintiff's Complaint charges Defendants with false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 43(a), and trademark dilution, trademark infringement, and unfair competition under state law, based on Defendants' actions that tend to

dilute or cause confusion with Plaintiff's marks MJX and MJX ASSET MANAGEMENT (collectively, the "Legitimate MJX Marks") and;

On September 10, 2014 Plaintiff and Defendants entered into an agreement to resolve this action (the "Settlement Agreement"), which includes provisions to protect Plaintiff's interests in and rights to the Legitimate MJX Marks;

NOW THEREFORE, Plaintiff and Defendants, having entered into the Settlement Agreement and consented to judgment as follows, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the Parties and subject matter hereto, and venue is proper in this District.

2. This Court shall retain jurisdiction over this matter for purposes of construction, modification and enforcement of this Stipulated Consent Judgment and Permanent Injunction.

3. Defendants adopted, used, and attempted to register the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1, including use of those marks on websites having the domain names www.mjxfund.com, www.marijuanaindex.org, and www.mjx1.com.

4. Plaintiff used the Legitimate MJX Marks in both the U.S. and international financial markets more than ten years before Defendants adopted, used, and attempted to register the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1.

5. Defendants acknowledge that: (i) the Legitimate MJX Marks are valid and enforceable; (ii) Plaintiff holds the trademark rights to the Legitimate MJX Marks and has the exclusive right to use MJX and MJX ASSET MANAGEMENT for financial services; (iii) any Defendant's use of MJX, MJEX, MJX Exchange, MJ Exchange, MJX MARIJUANA EXCHANGE, any other name term including the letters M and J and X (for example, MMJX,

MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith, in any form in its business, shall constitute false designation of origin and unfair competition under federal law, and trademark dilution, trademark infringement, and unfair competition under state law; (iv) the Legitimate MJX Marks are inherently distinctive as applied to Plaintiff's services; and (v) Defendants shall not be permitted to adopt or use the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1 for use in advertising, offering for sale, and selling financial services and financial information.

6. Defendants have engaged in false designation of origin and unfair competition under federal law, and trademark dilution, trademark infringement, and unfair competition under state law by adopting and using the marks in connection with the advertising, offering for sale, and selling of financial services and financial information within the United States.

7. From the date of this Order:

    (a) Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) are permanently enjoined and restrained from any future use of MJX, MJEX, MJX Exchange, MJ Exchange, MJX MARIJUANA EXCHANGE, and any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith; and Plaintiff shall have the right to immediately institute proceedings against Defendants for use of same,

including contempt, without permitting Defendants an opportunity to cure such use.

(b) Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) are permanently enjoined and restrained from using any company name that includes "MJX", "MJEX" and/or any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith.

(c) By September 30, 2014, Defendants shall cause the California Secretary of State to change the corporate name MJX Ventures, Inc. to "MJIC, Inc."

(d) By September 30, 2014, Defendants shall cause the Nevada Secretary of State to change the corporate name MJX Ventures LLC to "MJIC LLC."

(e) By September 30, 2014, Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) shall transfer to Plaintiff (or a designee of Plaintiff's choice) all domain names that are currently controlled by any of Defendants, or any principal of any of Defendants, and that are currently used to promote any services, funds, or products under the mark "MJX" including but not limited to mjxfund.com and mjx1.com. Defendants shall undertake all necessary

    procedures to cause the registrars of such domain names to transfer and assign ownership and control thereof, including but not limited to unlocking each such domain name via the registrar's procedures and obtaining and providing any authorizations, authorization codes, consents, confirmations, or other acts or information needed to complete the transfer.

(f)  By September 30, 2014, Defendants (as well as their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners, members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf) shall abandon United States Patent and Trademark Office application serial nos. 86323172, 86323223 and 86266300 and further refrain from applying in the future to register MJX, MJEX, MJX Exchange, MJ Exchange, MJX MARIJUANA EXCHANGE, and any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith.

(g)  Defendants shall pay, without any contribution from Plaintiff, the full cost of its obligations set forth in paragraphs 7(a) – (f).

(h)  Defendants are individually responsible for compliance with this Order and shall be responsible for the compliance of their corporate parents, subsidiaries, siblings, affiliates, shareholders, officers, directors, partners,

    members, agents, employees, assigns, owners, servants, representatives, and successors, and any entities or individuals acting on their behalf.

(i)  Notwithstanding any provision(s) to the contrary in the foregoing paragraphs, the terms of this stipulated Consent Judgment and Permanent Injunction shall apply until the date upon which the Legitimate MJX Marks are abandoned and no longer in use.

Dated: September 30, 2014

*[signature]*
Peter C. Langenus, Esq.
M. Christine Carty, Esq.
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
Phone (212) 973-8046
Fax (212) 972-8798
E-mail: plangenus@schnader.com
E-Mail: ccarty@schnader.com
*Attorneys for Plaintiff MJX Asset Management LLC*

*[signature]*
Lawrence W. Horwitz, Esq.
HORWITZ & ARMSTRONG, LLP
26475 Rancho Parkway South
Lake Forest, CA 92630
Phone (949) 540-6540
Fax (949) 540-6578
E-mail: lhorwitz@horwitzarmstrong.com
*Attorneys for Defendants MJX Ventures LLC and MJX Ventures, Inc.*

IT IS SO ORDERED.

SO ORDERED:
*[signature]*
U.S.D.J.
10/14/14

6

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is by and between MJX Asset Management LLC ("MJX" or "Plaintiff"), a Delaware limited liability company and a specialized asset management company, with its principal place of business at 12 East 49th Street, 29th floor, New York, New York, on the one hand, and MJX Ventures, Inc., a California corporation with a place of business at 26475 Rancho Parkway, South Lake Forest, California, and MJX Ventures LLC, a Nevada limited liability company with a place of business at 300 Carlsbad Village Drive, Suite 108QA/385, Carlsbad, California, and any other entity which has a name including MJX, MJEX, or any other term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith, and which is under common ownership or control with either or both of MJX Ventures, Inc. and MJX Ventures, LLC (collectively, "Defendants"), on the other.

## BACKGROUND

WHEREAS, Plaintiff has used the names and service marks MJX ASSET MANAGEMENT and MJX (the "Legitimate MJX Marks") in both the U.S. and international financial markets since 2003;

WHEREAS, The Legitimate MJX Marks are inherently distinctive as applied to Plaintiff's services;

WHEREAS, Plaintiff holds trademark rights to MJX ASSET MANAGEMENT and MJX (the "Legitimate MJX Marks") as used in the financial markets;

WHEREAS, Defendants, without authorization and without any connection to Plaintiff, adopted and used the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1 for use in advertising, offering for sale, and selling financial services and financial information;

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86323172, that it offers the following services under the mark MJX: "Providing financial indices based on selected groups of securities; Providing financial indices of select securities to enable consumers to evaluate investments and market trends in the securities market."

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86323172, that it offers the following services under the infringing and dilutive mark MJX: "Financial investment analysis and stock research; Financial investment in the field of investing in companies that provide legal, regulatory, and business compliance assistance to the legal cannabis industry; Monitoring financial markets for investment purposes."

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86323223, that it offers the following

services under the infringing and dilutive mark MJX (stylized): "Financial investment in the field of investing in companies that provide legal, regulatory, and business compliance assistance to the legal cannabis industry."

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86323223, that it offers the following services under the infringing and dilutive mark MJX (stylized): "Creating an on-line community for the legal cannabis industry for the purpose of creating an online market place for retailers, vendors, and consumers." On information and belief, MJX Ventures provides such services under the infringing and dilutive mark MJX (stylized).

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86266300, that it offers the following services under the infringing and dilutive mark MJX MARIJUANA INDEX: "Providing financial indices based on selected groups of securities; Providing financial indices of select securities to enable consumers to evaluate investments and market trends in the securities market."

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86266300, that it offers the following services under the infringing and dilutive mark MJX MARIJUANA INDEX: "Financial investment analysis and stock research; Financial investment in the field of index funds and exchange traded funds relating to the marijuana, hemp and cannabis industries; Monitoring financial markets for investment purposes; Providing an on-line searchable database featuring financial information about index funds and exchange traded funds relating to the marijuana, hemp and cannabis industries."

WHEREAS, defendant MJX Ventures, Inc. has alleged before the United States Patent and Trademark Office, in application serial no. 86266300, that it offers the following services under the infringing and dilutive mark MJX MARIJUANA INDEX: "Providing an online non-downloadable Internet-based system application featuring technology enabling users to manage, discuss, report, share and research marijuana, hemp and cannabis industry stocks." On information and belief, MJX Ventures provides such services under the infringing and dilutive mark MJX MARIJUANA INDEX.

WHEREAS, defendant MJX Ventures, Inc. has controlled and operated the websites found at the domains www.mjxfund.com, www.marijuanaindex.com, www.marijuanaindex.org, and www.mjx1.net;

WHEREAS, Plaintiff has received communications indicating actual confusion among persons in the financial services industry about whether MJX is the source, origin, or sponsor of the services offered by MJX Ventures under the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1;

WHEREAS, Plaintiff offers services directed to leveraged finance assets;

WHEREAS, Plaintiff does not offer services directed to the marijuana industry;

WHEREAS, Plaintiff's use of the Legitimate MJX Marks preceded Defendants' adoption, use, and attempts to register the marks MJX, MJX (stylized), MJX MARIJUANA INDEX, and MJX1 by more than ten years;

WHEREAS, Plaintiff has filed suit in the United States District Court for the Southern District of New York, charging Defendants with false designation of origin, unfair competition under federal law, and trademark dilution, trademark infringement, and unfair competition under state law, the lawsuit being styled *MJX Asset Management LLC v. MJX Ventures, Inc. et al*, civil action no. 1:14-cv-07054-JGK;

WHEREAS, Plaintiff and the Defendants (collectively, the "Parties") have decided to enter into this Settlement Agreement in order to resolve the disputes between them;

WHEREAS, as detailed herein, the Defendants agree to discontinue and not to resume all Uses of the name and mark MJX;

WHEREAS, the Parties understand and agree that this Settlement Agreement and the actions taken pursuant to it are not to be construed as an admission of wrongdoing, liability, fact, or circumstance on the part of any of the Parties;

NOW, THEREFORE, in consideration of the promises and covenants set forth below and other good and valuable consideration, and intending to be legally bound hereby, the Parties agree as follows:

### DEFINITION OF "USES"

I. "Uses" with respect to name or mark refers to any use whatsoever of a particular combination of letters, including use as all or part of a company name, service mark, trademark, product name, service name, fund name, domain name, initialism, abbreviation, or ticker symbol.

### WARRANTIES AND REPRESENTATIONS

II. Defendants warrant that they have generated minimal revenues and capital since inception and that at no time did any Defendant represent it was affiliated with MJX Asset Management LLC.

III. Each Defendant represents and warrants the completeness of the following list of all domain names and companies involved in its past and present uses of MJX:

MJX Ventures, Inc.
MJX Ventures, LLC
MJX Online
www.mjxfund.com
MJX Marijuana Index

## DEFENDANTS' OBLIGATIONS

IV.  On or before September 30, 2014, the Defendants shall perform the following:

   A.  Cease all Uses, and refrain from any future Uses, of MJX, MJEX, MJX Exchange, MJ Exchange, MJX MARIJUANA EXCHANGE, and any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith.

   B.  Cause the California Secretary of State to change the corporate name MJX Ventures, Inc. to "MJIC, Inc."

   C.  Cause the Nevada Secretary of State to change the corporate name MJX Ventures LLC to "MJIC LLC".

   D.  Permanently discontinue using any company name that includes "MJX", "MJEX" and/or any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith.

   E.  Transfer to Plaintiff (or a designee of Plaintiff's choice) all domain names that are currently controlled by any of Defendants, or any principal of any of Defendants, and that are currently used to promote any services, funds, or products under the mark "MJX" including but not limited to mjxfund.com and mjx1.com. This item includes the obligation to undertake all necessary procedures to cause the registrars of such domain names to transfer and assign ownership and control thereof, including but not limited to unlocking each such domain name via the registrar's procedures and obtaining and providing any authorizations, authorization codes, consents, confirmations, or other acts or information needed to complete the transfer. Concurrent with and subsequent to transfer of ownership and control of the domain name mjxfund.com, Defendants shall be permitted to continue use of the domain and all associated email addresses for a period of ninety (90) days after the Execution Date for the sole purpose of forwarding internet traffic and email communication to mjicfund.com.

   F.  Expressly abandon any applications to register, and refrain from applying in the future to register, all marks for which Uses are prohibited by this Agreement, including but not limited to MJX, MJX (stylized), MJX MARIJUANA EXCHANGE, and MJX1.

   G.  Delete all social media accounts that use the MJX, MJX (stylized), MJX MARIJUANA EXCHANGE, and MJX1, or any of the Legitimate MJX Marks.

   H.  Stipulate to judgment recognizing MJX's exclusive right to use MJX and MJX ASSET MANAGEMENT for financial services and enjoining it from any use of MJX, MJEX, MJX Exchange, MJ Exchange, MJX MARIJUANA

EXCHANGE, any other name term including the letters M and J and X (for example, MMJX, MJJX, and MJXX), and any other name that is textually, visually, or phonetically likely to be confused therewith, in any form in its business.

### PLAINTIFF'S OBLIGATION

V. Within ten (10) business days after this Agreement becomes fully executed (the "Execution Date"), Plaintiff shall file the parties' Stipulated Judgment and Permanent Injunction in the Lawsuit.

### ADDITIONAL TERMS

VI. Upon the alleged breach of any one or more provisions of this Agreement by any Defendant, Plaintiff shall, prior to filing any lawsuit, give written notice of the alleged breach to counsel for Defendant. The Defendant shall then have ten (10) business days in which to cure the breach. Should the Defendant fail to cure the breach, Plaintiff shall have the right, without further notice, to reinitiate legal action for damages and/or injunctive relief for acts occurring before or after the Execution Date. Any rights Plaintiff may have for breach of this Agreement shall not be in derogation or in lieu of rights which it may have under trademark, unfair competition, or other laws.

VII. Upon and subject to the completion of the Defendants' obligations hereunder, except as set forth in Paragraph IV of this Agreement, Plaintiff releases the Defendants from and against any and all asserted and unasserted claims related to the Defendants' use of MJX, MJX (stylized), MJX MARIJUANA EXCHANGE, and MJXI, prior to the Execution Date, provided that any such claims enforceable on the Execution Date may be revived at Plaintiff's sole option in the event of a breach of any one of the provisions of this Agreement by any Defendant. The foregoing release shall not extend to any obligations under this Agreement.

VIII. Upon and subject to the completion of Plaintiff's obligations hereunder, the Defendants release Plaintiff from and against any and all claims that they could have asserted prior to the Execution Date.

IX. In the event that a court of competent jurisdiction determines that any Defendant has breached any one or more of the provisions of this Agreement, the Defendants agree that a court making such finding shall enter a judgment against the Defendants in accordance with the provisions of this Agreement permanently enjoining the Defendant from taking the action prohibited herein, in addition to all other rights and remedies available to Plaintiff.

X. In the event Plaintiff asserts a successful claim or lawsuit against any Defendant for breach of any one or more of the provisions of this Agreement, such Defendant agrees to pay Plaintiff all reasonable attorneys' fees incurred by Plaintiff in bringing and prosecuting any such claim or lawsuit.

XI. Any lawsuit relating to or arising under this Agreement shall be filed solely in the United States District Court for the Southern District of New York, and the Parties hereby irrevocably consent to the jurisdiction of and venue in that Court. In the event the United States District Court for the Southern District of New York determines that it lacks jurisdiction or refuses to exercise jurisdiction over any lawsuit relating to or arising under this Agreement, the lawsuit may only be re-filed in the Supreme Court of the State of New York, County of New York and the Parties hereby irrevocably consent to the jurisdiction of and venue in that Court. This Agreement and the relations between the Parties shall be governed by the laws of the State of New York.

XII. This Agreement supersedes any and all previous agreements, negotiations and understandings between the Parties pertaining to the subject matter hereof, and this instrument comprises the complete and final expression of the rights, obligations, duties and undertakings of the parties and sets forth all consideration, covenants, undertakings and inducements pertaining hereto.

XIII. This Agreement may be modified only in writing, signed by the duly authorized representatives of both Parties. This Agreement shall be construed as if the Parties have jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any one party.

XIV. In the event that any portion of this Agreement shall, for any reason, be held invalid or unenforceable, it is agreed that the same shall be modified to accomplish the most similar purpose in a legally enforceable manner and shall not affect any other portion of this Agreement, but that the remaining covenants and restrictions or portions thereof shall remain in full force and effect.

XV. This Agreement and all rights, duties, obligations and undertakings shall be binding upon, shall inure to the benefit of and shall be enforceable by the respective officers, directors, representatives, agents, employees, affiliates, heirs, beneficiaries, successors and assigns of the Parties.

XVI. Each Party shall, without further consideration, execute any and all additional documents and take such further action as may be requested to effect the terms of this Agreement.

XVII. The Parties acknowledge that they have read and understand this Agreement and execute it voluntarily and without coercion. The Parties further acknowledge that they have each been advised by an attorney of their respective choice prior to executing this Agreement and that they are entering into this Agreement knowingly, willingly, and voluntarily.

XVIII. This Agreement may be executed in counterparts, each of which, when so executed and delivered, shall be an original, and all such counterparts together shall constitute one and the same agreement. This Settlement Agreement may be executed by facsimile, by PDF, or by original. A facsimile transmission or PDF of a signed original shall have the same effect as delivery of a signed original.

6                                                                                          PHDATA 5047618_2

IN WITNESS WHEREOF, the duly authorized representatives of each of the Parties has executed the above Settlement Agreement.

**MJX Asset Management LLC**

Date: 9/26/14

Signature: /s/

Name: FRANK MARINO

Title: CEO

_____

Date: 10/3/14

Martin Davey
Managing Director

**MJX Ventures LLC**

Date: 9/24/14

Signature: /s/

Name: BRIAN Hail

Title: MANAGER

**MJX Ventures, Inc.**

Date: 9-26-14

Signature: /s/

Name: FRANK MARINO

Title: CEO